Jimenez v. Verdecchia                    CV-99-266-M    11/22/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Rafael Jimenez,
    Plaintiff

    v.                                      Civil No. 99-266-M
                                            Opinion No. 2000 DNH 248
John M. Verdecchia,
    Defendant


**O R D E R**


Pro se plaintiff has filed a complaint against defendant John M. Verdecchia, Esq. Defendant moves to dismiss for lack of subject matter jurisdiction. Although his complaint describes several different legal theories, in substance plaintiff seeks return of a $15,000 retainer he says he paid to Attorney Verdecchia.

Anticipating a potential need to replace legal counsel then defending him in a criminal case, plaintiff says he retained Verdecchia to step in if the need actually arose:

> 3. [Contemplating] disagreement with [Attorney] Twomey, plaintiff pre-paid $15,000 to Defendant Verdecchia and told the defendant that, in the event that plaintiff fired Mr. Twomey, plaintiff would retain the defendant with the $15,000 to represent him on the drug charges.

4. After plaintiff paid the $15,000 to the defendant, plaintiff and Mr. Twomey resolved their disagreement, plaintiff decided not to fire Mr. Twomey. Plaintiff retained Mr. Twomey as the only attorney to represent him on the drug charges.

5. Having decided to proceed with Mr. Twomey, plaintiff gave notice immediately to Defendant Verdecchia that his service was no longer needed, and plaintiff requested immediate return of his $15,000. At first, Defendant Verdecchia led plaintiff to believe that he would remit the money immediately, but the defendant did not pay back the money.

Complaint at 3 - 4 (document no. 1).

While plaintiff goes on to describe his basic claim, in the alternative, as one for "conversion," "tortious interference with right of access to the courts," "unjust enrichment," and "legal malpractice," those descriptions do not alter its character as a civil action seeking return of a $15,000 retainer. As such, it is clear that plaintiff cannot establish diversity jurisdiction, since the amount in controversy does not exceed "$75,000,

2

exclusive of interest and costs"[1] (there is no other plausible basis for exercising federal jurisdiction[2]).  28 U.S.C. § 1332.

While plaintiff also asserts a general claim to "punitive damages," New Hampshire law does not recognize or permit recovery of punitive damages.  So, the million dollar punitive damages claim fails as a matter of state law and cannot serve to meet the amount in controversy requirement of diversity jurisdiction. N.H. Rev. Stat. Ann. (RSA) 507:16; See, e.g., DCPB, Inc. v. City of Lebanon, 957 F.2d 913 (1st Cir. 1992).

New Hampshire does, in very limited circumstances, allow recovery of "enhanced compensatory damages," but only in tort cases, where the tortfeasor's conduct can fairly be characterized as "willful, wanton, or oppressive."  Plaintiff has not adequately pled a claim for enhanced compensatory damages, nor

---

[1] The court recognizes that the magistrate judge previously found the diversity requirements satisfied.  It can only be assumed that this conclusion was based on a preliminary review of the complaint and not on any analysis of the request for relief.

[2] Plaintiff also invokes, without basis, this court's federal question, civil rights, and supplemental jurisdiction. Although plaintiff is correct that supplemental jurisdiction can be exercised under some circumstances over a party against whom there is no federal claim, there must be a related federal claim in the case against somebody; there is no such claim here.

could he, given the factual situation he describes. It is apparent that plaintiff's claim is one sounding in contract rather than tort - he essentially claims that defendant is obligated to return the retainer he paid because defendant's legal services were not required and defendant agreed that in such an event the retainer would be returned. Plaintiff also seems to claim, alternatively, that he paid for services that defendant never rendered, or rendered inadequately, entitling him to return of the retainer. In either case, although plaintiff says defendant's conduct was intentional, New Hampshire law does not permit the recovery of enhanced compensatory damages in contract cases, even where the breach is intentional. See DCPB v. Lebanon, supra.

The complaint also fails to allege the elements necessary to support on enhanced damages claims – wanton, malicious, or oppressive conduct. But even if it did, the facts and circumstances pled would not support a plausible claim for such damages under New Hampshire law. Where the punitive (or enhanced) damages claim makes up the bulk of the asserted amount in controversy, a heightened degree of scrutiny and healthy

4

skepticism is appropriate. <u>See, e.g.,</u> <u>Anthony v. Security Pacific Financial Services, Inc.,</u> 75 F.3d 311, 315 (7th Cir. 1996). Here, it is obvious that the amount in controversy for diversity jurisdiction purposes is $15,000, and the punitive (enhanced) damages claim is not legally viable, is exaggerated, and cannot elevate the amount in controversy to the amount necessary to support federal jurisdiction.

Plaintiff's cause of action must be brought in an appropriate state court.

Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is hereby granted. The Clerk shall close the case.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

November 22, 2000

cc:  Rafael Jimenez, pro se
     Kenneth C. Bartholomew, Esq.

5